**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IRVIN RODOLFO RAMIREZ,

        Petitioner,

vs.                                                                                       No. CV 19-00511 MV/SCY

STATE OF NEW MEXICO and
HECTOR BALDRAS,

        Respondents.

**ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte* on the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" filed by Petitioner Irvin Rodolfo Ramirez. Doc. 1. It appears from the face of the Petition and the attachments submitted by Petitioner Ramirez that Petitioner's § 2254 claims are barred by the 1-year statute of limitations of 28 U.S.C. § 2244(d)(1). The Court will order Ramirez to show cause within 30 days why the Petition should not be dismissed as time-barred.

Petitioner Irvin Rodolfo Ramirez is a prisoner serving a sentence of life plus ten years and six months in the New Mexico Department of Corrections on a jury conviction for First Degree Murder, Conspiracy to Commit Armed Robbery, Tampering with Evidence, Arson, and Receiving Stolen Property. Doc. 1-1 at 86. He challenges the conviction and sentence imposed by the State of New Mexico, Third Judicial District Court, in Cause No. D-307-CR-2010-00093. Doc. 1 at 1. The Court has reviewed the Petition and the official record in Ramirez's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA).

The Court takes judicial notice of the official New Mexico court records in Ramirez's

1

criminal case. *See United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (the court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (the court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

      A criminal complaint was filed against Ramirez in New Mexico state court on January 22, 2010. Ramirez was convicted by a twelve-person jury on charges of First Degree Murder, Armed Robbery, Conspiracy to Commit Armed Robbery, Tampering with Evidence, Arson, and Receiving Stolen Property. Judgment was entered on the jury's conviction on May 31, 2011. The Court then sentenced Ramirez to a life plus ten years and six months imprisonment. Judgment was entered on the sentence on June 23, 2011. Doc. 1-1 at 86. Ramirez appealed the conviction and sentence to the New Mexico Supreme Court on August 24, 2011. The Supreme Court dismissed the Armed Robbery conviction as violative of double jeopardy protections and affirmed the conviction on all of the remaining charges of First Degree Murder, Conspiracy to Commit Armed Robbery, Tampering with Evidence, Arson, and Receiving Stolen Property. Doc. 1-1 at 48. The Supreme Court's dismissal of the Armed Robbery conviction did not alter the sentence imposed by the trial court. The Mandate from the Supreme Court was entered on October 20, 2013.

      Ramirez filed a petition for writ of habeas corpus in state court on November 27, 2013. He amended his state habeas petition on November 30, 2015. The state District Court dismissed the petition and amended petition on October 18, 2016. Doc. 1-1 at 82. Ramirez did not file a

petition for writ of certiorari in the New Mexico Supreme Court seeking review of the District Court's dismissal of his habeas corpus claims.

Ramirez filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody in this Court on May 23, 2017. That Petition was docketed as case no. CV 17-00579 JAP/KRS. In a Proposed Findings and Recommended Decision ("PFRD"), the Magistrate Judge concluded that Petitioner Ramirez had exhausted his state court remedies for some, but not all, of his § 2254 claims, presenting a "mixed" § 2254 Petition. Ramirez was notified that he could dismiss the unexhausted claims and proceed forward on the exhausted claims or all claims would be dismissed without prejudice based on his failure to exhaust. Doc. 1-1 at 83-86; CV 17-00579, Doc. 21. Ramirez was also warned that, if he did not elect to dismiss the unexhausted claims and proceed on the exhausted ones, any future § 2254 filing could be subject to statute of limitations issues. Doc. 1-1 at 83-86. Ramirez objected to the PFRD and, rather than dismissing the unexhausted claims, sought to stay the proceed and hold it in abeyance while he completed exhaustion in state court. CV 17-00579, Doc. 23. The Court overruled his objections and concluded that, although he might have shown good cause for his failure to exhaust, he had not demonstrated that any of his claims had merit and denied his request for a stay of proceedings. CV 17-00579, Doc. 27. The Court then dismissed the case without prejudice on November 16, 2018. CV 17-00579, Docs. 27, 28.

Ramirez filed a new habeas corpus petition in state court on December 7, 2018. The state District Court dismissed that petition on March 22, 2019. The New Mexico Supreme Court denied his petition for certiorari on June 3, 2019. He commenced this case on June 5, 2019 by filing his Petition for Wirt of Habeas Corpus by a Person in State Custody. Doc. 1.

Petitions for a writ of habeas corpus by a person in state custody under the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a

petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

All of the claims asserted by Petitioner Ramirez appear to have been available to him from the time the original Judgment was entered on June 23, 2011. Doc. 1-1 at 86. As a result, the limitation period of § 2244(d)(1)(A) appears to be the applicable period in this case. That Judgment became final upon entry of the New Mexico Supreme Court's Mandate affirming the conviction and sentence on direct appeal on October 30, 2013. Doc. 1-1 at 48. The filing of Ramirez's state petition and amended petition for habeas corpus served to toll the running of the statute of limitations while the state habeas corpus case was pending. As a result, the statute of limitations was tolled until October 18, 2016 when the state District Court dismissed Ramirez's

petition and amended petition and Ramirez did not seek review by the New Mexico Supreme Court. *Carey*, 536 U.S. at 219–20.

Applying § 2244(d)(1)(A), the statute of limitations on Petitioner's federal habeas corpus claims began running in October 2016 and expired one year later in October 2017. 28 U.S.C. § 2244(d)(1)(A). Therefore, the statute of limitations had expired by the time Ramirez filed his second state habeas corpus petition on December 7, 2018. Ramirez's § 2254 Petition in this Court appears to have been time-barred before he filed his second state habeas proceeding and before he filed in this Court on June 5, 2019. *Carey*, 536 U.S. at 219–20; *Holland*, 560 U.S. at 635, 638.

Absent equitable tolling, Petitioner's § 2254 claims seem to have been barred by the § 2244(d) statute of limitations well before his June 2019 filing. *Miller*, 141 F.3d at 977-78. Petitioner Ramirez may seek to argue that the filing of his earlier § 2254 petition in this Court should serve to toll the running of the statute of limitations. However, a federal habeas corpus petition does not toll the running of the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2) (providing that only a properly filed state petition for post-conviction relief tolls the running of the limitation period).  In his prior § 2254 proceeding, Ramirez was given the opportunity to dismiss his unexhausted claims and proceed on the exhausted claims and was warned that, if he did not do so, all claims would be dismissed and any future federal habeas corpus claims could be time-barred. Doc. 1-1 at 83; No. CV 17-00579, Doc. 21. Ramirez chose not to proceed on the exhausted claims and the proceeding was dismissed in its entirety. The prior federal petition does not appear to support tolling in this case. *Miller,* 141 F.3d 976, 977-78. Because it appears from the face of his Petition and the record that the Petition is, in fact, untimely, the Court will order Ramirez to show cause why the case should not be dismissed as barred by the § 2244(d) statute

of limitations. If Petitioner fails to show cause within the time allowed, the Court may dismiss the Petition without further notice.

Also pending before the Court is the Request to Submit Affidavit (Doc. 6) filed by Petitioner Ramirez. Submission of proof is premature at this stage of the proceedings. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). To the extent Petitioner Ramirez is attempting to raise an argument of newly discovered evidence based on alleged recanting of testimony by a co-defendant, the Court notes that Petitioner may not raise the issue for the first time in this Court but must, instead, present the issue to the New Mexico state courts before bringing it to this Court. 28 U.S.C. § 2254(b)(1). The Court will deny the Request to Submit Affidavit as premature.

**IT IS ORDERED:**

(1) that Petitioner Irvin Rodolfo Ramirez show cause within thirty (30) days of entry of this Order why the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Doc. 1) should not be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d); and

(2) Petitioner's Request to Submit Affidavit (Doc. 6) is **DENIED** as premature.

_____
UNITED STATES MAGISTRATE JUDGE