IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRVIN RODOLFO RAMIREZ,

        Petitioner,

vs.                                                      No. CV 19-00511 MV/SCY

STATE OF NEW MEXICO and
HECTOR BALDRAS,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court *sua* sponte on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Irvin Rodolfo Ramirez. (Doc. 1). It appears from the face of the Petition and the attachments submitted by Mr. Ramirez that his § 2254 claims are barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). Having granted Mr. Ramirez the opportunity to raise any grounds that he might have for equitable tolling, the Court concludes that there is no basis for tolling. The Court thus will dismiss the Petition as time-barred.

**BACKGROUND**

Mr. Ramirez is a prisoner serving a sentence in the New Mexico Department of Corrections. Doc. 1-1 at 86. He challenges the conviction and sentence imposed by the State of New Mexico, Third Judicial District Court, in Cause No. D-307-CR-2010-00093 ("State Case"). *Id.* at 1. The Court has reviewed the Petition and the official record in the State Case through the New Mexico Supreme Court's Secured Online Public Access ("SOPA"), which is subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts

1

have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In the State case, a jury convicted Mr. Ramirez on May 31, 2011, and on June 23, 2011, Judgment was entered on his sentence. Doc. 1-1 at 86.  On August 24, 2011, Mr. Ramirez appealed his conviction and sentence to the New Mexico Supreme Court. The Supreme Court dismissed one of his convictions, that of armed robbery, as violative of double jeopardy protections, but affirmed the remainder of his convictions of first-degree murder, conspiracy to commit armed robbery, tampering with evidence, arson, and receiving stolen property. *Id.* at 48. The Supreme Court's dismissal of the armed robbery conviction did not alter the sentence imposed by the trial court. The Mandate from the Supreme Court was entered on October 20, 2013.

Mr. Ramirez filed a petition for writ of habeas corpus in state court on November 27, 2013. He amended his state habeas petition on November 30, 2015.  The state district court dismissed the petition and amended petition on October 18, 2016.  *Id.* at 82.  Mr. Ramirez did not file a petition for writ of certiorari in the New Mexico Supreme Court seeking review of the district court's dismissal of his habeas corpus claims.

On May 23, 2017, Mr. Ramirez filed in this Court his first petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody ("First Federal Habeas Petition").  The First Federal Habeas Petition was docketed as case no. CV 17-00579 JAP/KRS.  In a Proposed Findings and Recommended Decision ("PFRD"), the Magistrate Judge concluded that Mr. Ramirez had exhausted his state court remedies for some, but not all, of his § 2254 claims, presenting a "mixed" § 2254 Petition.  Mr. Ramirez was given the opportunity to dismiss the

unexhausted claims and proceed forward on the exhausted claims, and notified that if he did not do so, all claims would be dismissed without prejudice based on his failure to exhaust. Doc. 1-1 at 83-86; CV 17-00579, Doc. 21. Mr. Ramirez was also warned that, if he did not elect to dismiss the unexhausted claims and proceed on the exhausted ones, any future § 2254 filing could be subject to statute of limitations issues. Doc. 1-1 at 83-86. Mr. Ramirez objected to the PFRD and, rather than dismissing the unexhausted claims, sought to stay the proceeding and hold it in abeyance while he completed exhaustion in state court. CV 17-00579, Doc. 23. The Court overruled his objections and concluded that, although he might have shown good cause for his failure to exhaust, he had not demonstrated that any of his claims had merit, and for this reason, denied his request for a stay of proceedings. CV 17-00579, Doc. 27. The Court then dismissed the case without prejudice on November 16, 2018. CV 17-00579, Doc. 27, 28.

Mr. Ramirez filed a new habeas corpus petition in state court on December 7, 2018. The state district Court dismissed that petition on March 22, 2019. The New Mexico Supreme Court denied his petition for certiorari on June 3, 2019. Mr. Ramirez then commenced the instant case on June 5, 2019, by filing his Petition for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). Because it appears from the Petition and the record that his filing is time-barred, the Court issued an Order to Show Cause on February 24, 2021, directing Mr. Ramirez to show cause why his claims should not be dismissed under 28 U.S.C. 2244(d)(1). Doc. 7. Mr. Ramirez filed his response to the Court's Order to Show Cause on March 23, 2021. Doc. 8.

## DISCUSSION

Section 2254 petitions generally must be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

3

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Each of the claims asserted by Mr. Ramirez appears to have been available to him from the time that the Judgment was entered in the State Case on June 23, 2011. Doc. 1-1 at 86. As a result, the limitation period of § 2244(d)(1)(A) appears to be the applicable period in this case. That Judgment became final upon entry of the New Mexico Supreme Court's Mandate affirming the conviction and sentence on direct appeal on October 30, 2013. (Doc. 1-1 at 48). The filing of Mr. Ramirez's state petition and amended petition for habeas corpus served to toll the running of the statute of limitations while the state habeas corpus case was pending. As a result, the statute of limitations was tolled until October 18, 2016, when the state district court dismissed Mr. Ramirez's petition and amended petition and Mr. Ramirez did not seek review by the New Mexico Supreme Court. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002).

Applying § 2244(d)(1)(A), the statute of limitations on Mr. Ramirez's federal habeas corpus claims began running in October 2016 and expired one year later in October 2017. 28 U.S.C. § 2244(d)(1)(A). Therefore, the statute of limitations had expired by the time that Mr.

Ramirez filed his second state habeas corpus petition on December 7, 2018, and certainly before his filed the instant Petition on June 2019. Accordingly, absent equitable tolling, Mr. Ramirez's § 2254 claims would be time-barred.

Mr. Ramirez argues that the filing of his First Federal Petition should serve to toll the running of the statute of limitations. Doc. 8 at 1. However, as Mr. Ramirez was previously advised, a federal habeas corpus petition does not toll the running of the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2) (providing that only a properly filed *State* petition for post-conviction relief tolls the running of the limitation period) (emphasis added).

In the proceeding on his First Federal Petition, Mr. Ramirez was given the opportunity to dismiss his unexhausted claims and proceed on the exhausted claims and was warned that, if he did not do so, all of his claims would be dismissed, and any future federal habeas corpus claims could be time-barred. Doc. 1-1 at 83; No. CV 17-00579, Doc. 21. Mr. Ramirez chose not to proceed on the exhausted claims and as a result, the case was dismissed in its entirety. The First Federal Petition does not support tolling in this case.

Mr. Ramirez also argues that the limitations period should be tolled because, from 2013 to 2019, he was engaged in fact-finding to support his §2254 Petition. Doc. 8 at 1. This is not a proper basis for equitable tolling, which requires that a petitioner demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh,* 223 F.3d at 1220. Mr. Ramirez's decision to engage in fact-finding, as well as his decision not to dismiss the unexhausted claims in connection with his First Federal Petition are matters exclusively within his control and thus do not serve to toll the running of the statute of limitations. In the absence of a proper basis to equitably toll the statute of limitations, the Court must dismiss the instant case under § 2244(d) as time-barred.

**IT IS THEREFORE ORDERED** that Petitioner Irvin Rodolfo Ramirez 's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE